LEO D. FUCHS et al. v. VICTOR A. FUCHS et al.

Western Section. January 15, 1926.

No petition for Certiorari was filed.

1. **Insurance. Son paying assessments on insurance policy which his father was going to let lapse, held entitled to the insurance.**

Where a father was going to let his insurance policy lapse and his son agreed with him to pay the premiums or assessments thereafter in consideration of receiving the insurance, held the son was entitled to recover the insurance which had been paid to his father's estate.

2. **Equity. For a court of equity to reform a written instrument for a mistake the proof must be clear and convincing.**

Before a court of equity can reform a written instrument because of mistakes the proof must be of a clear, convincing, and irrefragable character.

3. **Trusts. To establish a trust by parole the proof must be clear and convincing.**

It is only when an oral agreement is clearly and satisfactorily proven by testimony above suspicion and beyond a reasonable doubt that it will be enforced to establish rights in land at variance with the muniments of title; and it is open to question, whether in any case, after the decease of the grantee, the unaided testimony of the grantor alone, however intelligible and credible he may be as a witness, should be held sufficient to set aside and invalidate the title claimed under it.

4. **Work and labor. When near relatives live together as members of the same family, it is presumed that no charges will be made for services.**

The rule of law is that when near relatives live together as members of the same family and services are performed by one for the other, it is presumed that no charge is to be made.

Appeal from Chancery Court, Shelby County; Hon. D. W. De Haven, Chancellor.

Modified, affirmed and remanded.

Edgington & Edgington, of Memphis, for appellant.

T. R. Boyle, C. Yergen and Harry Spears, of Memphis, for appellee.

OWEN, J. The complainant and the defendant, Victor A. Fuchs, are brothers. The complainant lives in Little Rock, Arkansas. The defendant is a resident of Memphis, Tennessee. Their father, Victor D. Fuchs, died in Memphis, Tennessee, February 1, 1920. Their mother, Victorine Fuchs, died March 4, 1916. The complainant and defendant also had a sister, Miss Anaise T. Fuchs, who died testate in Memphis, Tennessee, October 18, 1922.

The bill in the instant case was filed March 3, 1923. The bill sought a recovery against Victor A. Fuchs, individually and as executor of the last will and testament of Anaise T. Fuchs. The Bank of Com-

merce & Trust Co. and S. J. Shepherd and J. C. Adams, Trustees, were made party defendants for the reason Anaise T. Fuchs had executed a trust deed upon certain real estate involved in this litigation to secure said Bank and Trust Co. John C. McLemore, clerk of the court of Shelby county, was also made a party defendant, his interest being in regard to the collection of certain inheritance taxes upon the estate of Anaise T. Fuchs.

During the year 1908, Victorine Fuchs conveyed a certain store building and the lot upon which the same was situated, on the south side of Jefferson avenue, Memphis, Tennessee, by warranty deed to her daughter, Anaise T. Fuchs. This property is known as No. 123 and 125 Jefferson avenue, and is probably worth thirty or forty thousand dollars.

Anaise T. Fuchs by her last will and testament devised a one-third interest in said property to the complainant and a two-thirds interest in said property to the defendant, Victor A. Fuchs. Complainant alleged that Anaise T. Fuchs held this property as a trustee for the use and benefit of complainant and the defendant and the said Anaise T. Fuchs equally. The bill sought to have said deed from Mrs. Victorine Fuchs to be declared a trust, and that the said Anaise T. Fuchs was liable for rents collected from said property since the death of complainant's father, Victor D. Fuchs, February 1, 1920.

The bill also alleged the complainant and his sister and his brother owned as tenants in common, share and share alike, a certain piece of property on Chelsea avenue, known as the Fuchs home place, and the now defendant under and as executor was due the complainant one-third of the rental value of said Chelsea avenue property since the death of their father.

The bill also sought to hold the defendant as executor liable for certain rents that Anaise T. Fuchs as agent of the complainant had collected on certain property belonging to the complainant, which property was located on Bickford avenue; that Anaise T. Fuchs had collected the rents off the Bickford property from 1912 to 1920.

The bill also sought to recover from the defendant a one-third interest in all the personal property, being the household goods, in the Chelsea home.

The bill also alleged that Victor A. Fuchs had procured by fraud and artifice an assignment of an insurance policy from complainants father, which policy had been assigned to Victor D. Fuchs, the father, by one Stephen Clement. It was alleged that when Victor D. Fuchs made this assignment to Victor A. Fuchs, Victor D. Fuchs was a non compos. This policy amounted to $1,008 and was collected by the defendant. Defendant insists he was entitled to one-third of the Clement policy.

The complainant also alleged that he had carried or paid the premiums or assessments on certain insurance policies on the life of his father in the Royal Arcanum and the Catholic Knights of America, and that he had paid out more in the way of assessments and premiums than he had received from the two fraternal orders, and that the defendant individually and as executor was due the complainant several hundred dollars for these premiums and assessments.

The complainant also alleged that the defendant, individually and as executor, was due the complainant certain sums out of the collection of an insurance policy on the life of their father, issued by the Connecticut Mutual Life Insurance Company.

The defendant denied practically all of complainants material allegations, filing a special plea of the Statute of Limitations of six years against the complainant as to the rents collected by Anaise T. Fuchs on the Bickford property.

As to the Clement insurance policy of $1,008, the defendant insisted that his father assigned this policy to defendant with the understanding and direction that defendant was to use proceeds of same in erecting a family monument in Calvary Cemetery. He denied that the assignment was procured by fraud or undue influence, and alleged that he had used the proceeds of said policy together with $200 of his own money in erecting said monument. He alleged that as to all personal property in the home, complainant had procured his share, that same had been shipped to complainant at his home in Little Rock, Arkansas. He denied that Anaise T. Fuchs held said real estate in trust. He denied that there was any agreement that would bind him or his testatrix to reimburse the complainant for any monies that he had paid out on the two fraternal insurance certificates, and defendant insisted complainant had collected both of these certificates. Defendant also insisted complainant had received $1,800 from the Connecticut Mutual Life Ins. Co. which was his share of the net proceeds of said policy.

The defendant also filed a cross-bill seeking to have the lands held by him and his brother sold for partition, alleging that it could not be partitioned in kind. To this cross-bill complainant filed an answer insisting that the property could be partitioned in kind.

With the pleadings thus formed numerous depositions were taken and the cause was submitted to Chancellor H. F. Heiskell, who decreed in substance as follows:

1st: That the conveyance or deed executed by Victorine Fuchs to her daughter, Anaise T. Fuchs, was not a conveyance in trust, but conveyed an absolute fee-simple title to Anaise T. Fuchs in the property described in the pleadings and in the deed.

2nd: Complainant is entitled to have and recover of and from the defendant, Victor A. Fuchs, as executor of the estate of Anaise T. Fuchs, one-third of the rentals collected by Anaise T. Fuchs upon the home place known as the Chelsea avenue property, subsequent to the death of the father of complainant and defendant, which occurred February 1, 1920.

3rd: The complainant was given a recovery likewise against the defendant as executor for the net amounts of rents collected by Anaise T. Fuchs on the property of the complainant known as the Bickford avenue property, between the dates of October 18, 1916, and October 18, 1922, the defendant to be allowed proper credits for taxes, insurance, repairs, and for the amounts the deceased or testatrix had paid complainant and complainant's wife. A reference was had to the clerk and master to report on the amounts due complainant under items 1 and 2.

4th: The complainant was denied any recovery for personal property located in the home place at 164 Chelsea avenue.

5th: The complainant was denied any recovery on the insurance policy on the life of Stephen A. Clement which had been assigned to defendant, Victor A. Fuchs.

6th: Complainant was given recovery against Victor A. Fuchs individually on a note sued on, which is described in the pleadings.

7th: The complainant was given a decree against Victor A. Fuchs as executor for one-third of the proceeds of the Royal Arcanum Insurance Policy, with interest thereon from May 18, 1920.

The Chancellor fixed the amount due complainant under this item at $348.60.

8th: The Chancellor sustained defendant's plea of the Statute of Limitations on an item of $150, which complainant alleged he loaned his sister in the year 1912.

9th: The Chancellor found that the estate of Anaise T. Fuchs was indebted to Victor A. Fuchs, but the amount of said indebtedness is not determined. A reference was directed to the clerk and master to ascertain and report on the amount of said indebtedness.

10th: The Chancellor decreed that Victor A. Fuchs was the owner of an undivided two-thirds interest in all the Jefferson avenue property and the Chelsea avenue property, and as such tenants in common they were entitled to two-thirds and one-third of the rents of said property since the death of Anaise T. Fuchs and a reference was ordered to ascertain same. It was further decreed that their ownership was subject to a mortgage of $5,000 upon one of the Jefferson avenue tracts, together with any accrued interest. A reference was also had as to whether or not the property could not be partitioned in kind, or would it be for the interest of the owners to have the same sold.

The Chancellor also held that the testimony of the defendant, Victor A. Fuchs, given during his examination wherein he undertook to relate transactions with his deceased sister, Anaise T. Fuchs, and which testimony tended to establish cross-complainant's claim of indebtedness against his sister's estate, was incompetent under section 5598, Shannon's Code, and complainant's exceptions to said testimony were sustained.

The decree provided that in case of an appeal the reference directed sold should be postponed pending a decree in the appellate court. To this decree the defendant, Victor A. Fuchs, as executor, excepted to the recovery of complainant as to one-third of the proceeds of the Royal Arcanum policy, and he also excepted to the court's ruling and sustaining the exception of complainant to the defendant's testimony wherein he sought to establish his claim of indebtedness against his sister's estate, and he prayed and was granted appeal to this court and perfected the same.

Complainant excepted to the decree of the Chancellor, which we have designated as Items 1, 2, 3, 4, 5, 7, and 9, and he prayed and was granted an appeal to this court and perfected the same.

The complainant has assigned eight errors in this court. The first is, the court erred in not finding the conveyance made by Victorine Fuchs to her daughter a trust estate; second, the court erred in not charging up defendant, Victor A. Fuchs individually and Victor A. Fuchs as executor, with the rental value of one-third of the Chelsea avenue property since the death of Victor Fuchs Senior, the father.

Complainant is in error as to this. He cites page 73 of the record, which has no bearing on the assignment, but on page 69 by the second item in said decree the complainant was granted a recovery for one-third of the rents on the Chelsea avenue property since the death of Victor D. Fuchs. This assignment is overruled.

The third assignment complains of the court in not holding the estate of Anaise T. Fuchs liable for the rentals or rental value of the Bickford property from the date she took charge of same to the day of her death. It appears that she took charge of this Bickford property in 1912. The defendant interposed the plea of the Statute of Limitations, and the same was properly sustained and the third assignment is overruled.

The fourth assignment complains of the court refusing to grant the complainant recovery of any personal property at the home place, 164 Chelsea avenue. Defendant testified that he had sent complainant one-third of the personal property. The complainant refused to go to the home and point out any property that belonged to him. The only thing that he stated that he had of his own in this home was a coo-coo clock, or probably he had two clocks. He did not prove that they were of any value. The burden of sustaining his contention

was upon complainant and in this he failed and the fourth assignment of error is overruled.

The fifth assignment is that the court erred in refusing to decree complainant any part of the Stephen Clement life insurance policy. This policy had become the property of Victor D. Fuchs. He assigned it to defendant, Victor A. Fuchs, with the understanding that the proceedings were to be used in purchasing a tombstone for the father and mother of the complainant and defendant. It was Victor D. Fuchs' property. He had a right to dispose of it. Complainant alleged that his father was of unsound mind when this assignment was made. He failed to sustain this allegation and we find as a fact that Victor D. Fuchs, by proper assignment, transferred and assigned this insurance policy to the defendant with the purpose of having a monument at the graves of the father and mother of the complainant and his brother, and that the defendant has spent every dollar of the proceeds of the policy in erecting a monument as requested by his father, and this assignment is overruled.

The sixth assignment complains of the Chancellor in not decreeing a larger sum to the complainant from the Royal Arcanum Insurance Company, than complainant recovered. We find from the evidence that the Royal Arcanum paid $810 to the heirs of Victor D. Fuchs. All of this should have gone to the complainant for the reason that his father, some time prior to the death of the father, refused to pay the premiums or assessments on said insurance certificate in said Royal Arcanum. Complainant agreed to pay these assessments or premiums and he really paid out more in premiums than the Royal Arcanum paid upon the death of Victor D. Fuchs. The defendant released his one-third to complainant, but Anaise T. Fuchs kept one-third of the $810. We are of the opinion that she is liable for the one-third that she kept or retained with interest thereon, which amount has been fixed by the Chancellor. It is complainant's insistence that the defendant individually and as executor should account to complainant for two-thirds of the amount that he paid as premiums or assessments. We do not think this insistence can be sustained. Complainant voluntarily agreed to pay these assessments and by voluntarily agreeing to pay the same neither the defendant nor his sister became liable to complainant, and the sixth assignment of error is overruled.

The eighth assignment raises the same question that is raised by the second assignment in regard to the Statute of Limitations, and what we have said in regard to the second assignment disposes of the eighth assignment, and it is overruled.

As to the first assignment we are of the opinion that the Chancellor was not in error in decreeing that no trust estate was created in the deed from Mrs. Victorine Fuchs to her daughter. It appears that

both the complainant and the defendant during the life of their sister spoke of the Jefferson avenue property which is mentioned in the deed from their mother to their sister as our property, but there is no proof that either the grantor or the grantee in said property instrument, even by word or action, construed said instrument to be any other instrument than a warranty deed. The attorney who drafted the deed testified in the instant case, but he does not show that there was any mistake made or any accident occurring in the execution of said instrument. For a court of equity to reform a written instrument for a mistake the proof must be clear and convincing, Jones v. Jones, 150 Tenn., 555, and to establish a trust by parol, the proof must be of a clear, cogent, convincing and irrefragable character. Battle v. Clayburn, 133 Tenn., 286; Cromwell v. Winchester, 39 Tenn., 389; Sullivan v. Sullivan, 86 Tenn., 381; Hall v. Fowlkes, 9 Heish., 755.

In the case of Guntert v. Guntert, 37 S. W., 890, the Chancery Court of Appeals in disposing of a case wherein a trust was sought to be established by oral testimony quoted from the case of Moore v. Crawford, 130 U. S., 450, as follows:

"It is only when an oral agreement is clearly and satisfactorily proven by testimony above suspicion and beyond a reasonable doubt that it will be enforced to establish rights in land at variance with the muniments of title; and it is open to question, 'Whether in any case, after the decease of the grantee, the unaided testimony of the grantor alone, however intelligible and credible he may be as a witness, should be held sufficient to set aside and invalidate the title claimed under it.'"

We are of the opinion that there is no error in denying complainant any relief to establish a trust estate in the Jefferson avenue property, which is described in deed from complainant's mother to complainant's sister, and the first assignment of error is overruled.

The seventh assignment of error complains of the action of the Chancellor in not dismissing cross-complainant's claim against the estate of Anaise T. Fuchs. We are of the opinion that this assignment should be sustained. We find no competent testimony to prove that the deceased was indebted to cross-complainant. The decree simply recited that Anaise T. Fuchs was indebted to Victor A. Fuchs, but the amount of the indebtedness is not now determined. It appears that the deceased and the executor lived together for many years and that both were unmarried. It appears that the executor was 59 years of age at the time he gave his deposition. The sister was older than the complainant. The rule of law is that when near relatives live together as members of the same family, and services are performed by one for the other, it is presumed that no charge is to be made; Taylor v. Lincumfelter, 1 Lea, 83; Gorrell v. Taylor, 107

Tenn., 568, and the cross-complainant not having submitted competent proof to establish his claim we are of the opinion that the Chancellor was in error in allowing him a reference to take proof and ascertain what the amount of his claim is, and the seventh assignment of error is sustained, and that portion of the decree in the lower court will be modified accordingly.

This disposes of all the assignments of error submitted on behalf of the complainant, and they are all overruled except the seventh, which is sustained.

The defendant has assigned four errors, as follows:

1. The court erred in granting complainant decree against defendant, Victor A. Fuchs, executor, in the amount of $348.60, representing the part of the Royal Arcanum insurance. We have heretofore mentioned the Royal Arcanum insurance, and we are of the opinion that the Chancellor was correct in decreeing that Anaise T. Fuchs' estate should account to complainant for the one-third of the Royal Arcanum paid to her. The insurance would have been lapsed or forfeited had not the complainant paid the premiums or assessments. While we hold that he is not entitled to recover the difference between what he received and what he paid, the complainant having paid more in premiums than he received from the insurance company after the death of the insured, Victor D. Fuchs, the complainant should be reimbursed to the extent of the policy. It would be inequitable to permit the defendant to profit in the manner he seeks to do by withholding any part of the insurance. Victor D. Fuchs expressed his purpose of forfeiting the insurance. The complainant volunteered to carry the burden. He did so at a loss even when he receives the full amount the insurance company pays, and defendant's first assignment of error is overruled.

Defendant assigns errors 2, 3 and 4, which go to the action of the court in sustaining complainant's exceptions to testimony offered by cross-complainant wherein he undertook to set up a claim against his sister. It is insisted that Victor A. Fuchs presented certain exhibits, consisting of receipts, checks, vouchers, etc., showing amount of money paid for and on behalf of Anaise T. Fuchs. We have examined the testimony of the cross-complainant and the vouchers, and we are of the opinion that the cross-complainant has not made the same competent. Cross-complainant filed claim against his sister amounting to $5,482.98, which appears to run from February 25, 1920, to October 7, 1922, according to his account. It may be that Anaise T. Fuchs was indebted to her brother, the cross-complainant and she realized such indebtedness and for this reason by her last will and testament gave all her personal property to the cross-complainant, and all of her real estate in the Chelsea property, and two-thirds of her real estate in the Jefferson avenue property, and thus bequeathed

and devised to the cross-complainant more than she did to the complainant; however, we know not why she made the difference and distinction between her two brothers. Evidently she had some motive for so doing. The law has properly laid down certain rules which must be followed before a party can legally establish a claim against a deceased person. The cross-complainant has failed to produce competent evidence in establishing his claim against the sister's estate, and we see no error in the decree of the Chancellor in excluding the evidence which is made the basis of assignments 2, 3 and 4 of cross-complainant's appeal, and said assignments are overruled.

It results that the decree of the Chancellor is in all things affirmed except cross-complainant is denied any reference as to his claims, and as so modified said decree is affirmed.

The cause is remanded to the chancery court of Shelby county for the purpose of taking the references ordered, which have been postponed, and for such other orders and decrees as is necessary to adjust the rights of the parties in interest.

The complainant and his sureties, and the defendant and his sureties, on appeal bond, will pay one-half each of the cost of the appeal, for which execution will issue. The cost of the lower court will be paid as decreed by the Chancellor.

Senter and Thompson, JJ., concur.